IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **In re:** | Case No. 20-61442 |
| **Jeffrey Simmons** | Chapter 13 |
|     Debtor | Judge Kendig |
| | |
| **John Casey** | Adv. No. 20-06034 |
|     Plaintiff | |
| **Jaclyn Casey** | |
|     Plaintiff | |
| vs. | |
| **Jeffrey Simmons,** | |
|     Defendant | |

### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Now come Creditors, John Casey and Jaclyn Casey and pursuant to Federal Rule of Civil Procedure 56, made applicable through Bankr. R. 7506, to move this Honorable

Court to enter a summary judgment in their favor and against the Debtor, as there is no genuine issue of material fact when viewing the facts in a light most favorable to the Debtor, and Creditors are entitled to judgment as a matter of law. Specifically, the issue in this case is whether the judgment of fraud against Defendant, adjudicated by the Stark County Court of Common Pleas, gives preclusive effect to the issue of fraid raised in Plaintiffs' adversary complaint. Further, Plaintiffs seek a determination by this Court that the debt owed to Plaintiffs by Defendant as ordered by the Stark County court is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A)). Creditors John Casey and Jaclyn Casey have attached a Memorandum in Support of this Motion.

Respectfully submitted,

/s/ Jennifer E. Donahue
Jennifer E. Donahue (0095827)
Attorney for Debtors
Rauser & Associates
401 W. Tuscarawas Street #400
Canton, OH 44702
jdonahue@ohiolegalclinic.com
Counsel for Plaintiffs/Creditors

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

On September 26, 2018, Plaintiffs and Defendant entered into a written "Construction Contract" ("the Contract") whereby Defendant agreed for monetary consideration of $283,000 to build a residential home for Plaintiffs at a location in Franklin County, Ohio. Plaintiffs were required to give a down payment of $42,450, which they did on September 24, 2018. Defendant did not build the home for Plaintiffs. Plaintiffs demanded

the down payment of $42,450 be returned, but Defendant refused. Subsequently, Plaintiffs filed against Defendant a Complaint for Money, Damages, and Other relief in the Stark County Court of Common Pleas, Case No. 2019-CV-01822. Defendant filed an Answer and Counterclaim on November 8, 2019. Plaintiffs filed a Response to Defendant's Answer and Counterclaim on November 22, 2019.

Discovery requests were served upon Defendant on January, 2020. Discovery responses were not received so Plaintiffs filed a Motion to Compel Discovery on February 12, 2020. The Court granted Plaintiffs' Motion and Discovery Responses were to be served upon Plaintiffs before March 6, 2020. On March 30, 2020, Plaintiffs filed an Amended Complaint to include a Count for Fraud (See Exhibit A), and a Motion to Show Cause due to not receiving discovery responses. The Court granted the Motion to Show Cause on April 13, 2020 and was required to respond to the Discovery requests fourteen days from the date of the Order. Defendant did not comply with either Order requiring him to comply with the Discovery requests.

On May 14, 2020, Plaintiffs filed a Motion for Default Judgment. The Court granted Plaintiffs' Motion for Default Judgment on June 3, 2020. The default hearing was set for July 13, 2020 (See Exhibit B). Defendant did not attend the Hearing. The Stark County Common Pleas Court entered a Final Appealable Order granting Plaintiffs' Motion for Default Judgment on August 3, 2020. Plaintiffs' filed a judgment lien, 2020-JG-10534 in the Stark County Court of Common Pleas on June 15, 2020. (See Exhibit C – Docket Entries for Case No. 2019-CV-01822).

Approximately three months later, Defendant filed for Chapter 13 Bankruptcy in this Court on September 22, 2020 Case No. 20-61442. On or about November 17, 2020, these moving Creditors filed their Objection to Confirmation of Bankruptcy Plan 13 on the basis that the Plan was not proposed in good faith pursuant to 11 USC §1325(a)(3) (Ecf. No. 30, which is incorporated by reference herein). On December 20, 2020, Plaintiffs filed a Complaint to enter into the present Adversary Proceeding, seeking an Order that Defendant's debt to Plaintiffs is nondischargeable under 11 U.S.C. § 523(a)(2)(A). Defendant Answered Plaintiffs' Adversary Complaint on January 13, 2021.

These moving Creditors had obtained a judgment against the Debtor after establishing to the satisfaction of the Court of Common Pleas of Stark County that the Debtor had obtained $42,450 from Creditors by fraudulent means. It will be demonstrated below that the state court judgment establishing fraud creates a collateral estoppel thereby prohibiting the Debtor from denying that said debt was procured by fraud. We will thereafter ask the Court to refuse to discharge the debt consistent with 11 U.S.C. § 523(a)(2)(A).

II. **LAW AND ARGUMENT**

**Summary judgment**
Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7056, provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party meets its initial burden, the burden shifts to the non-moving party to establish the existence of a fact requiring trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). A fact is "material" only if its resolution will affect the outcome of the proceeding. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986). When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party.

*Matsushita*, 475 U.S. at 587."

*Hutsell v. Navient,* Bankr. No. 18-61474, Adv. No. 18-06038, 2020 WL 1213600, at *3 (Bankr. N.D. Ohio Mar. 9, 2020).

Under § 523(a)(2)(A), a debt is excepted from discharge to the extent it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." In order to except a debt from discharge under § 523(a)(2)(A), a plaintiff must prove the following elements by a preponderance of the evidence: (1) the debtor obtained money or services through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Services, Inc*. (*In re Rembert*), 141 F.3d 277, 280-81 (6th Cir. 1998). *Smith v. Downey* (*In re Downey*) (Bankr. N.D. Ohio 2018)

The *Rooker-Feldman* doctrine is a jurisdictional doctrine that provides that lower federal courts may not review the decisions of state courts. Only the United States Supreme Court may do so. *Singleton v. Fifth Third Bank (In re Singleton)*, 230 B.R. 533, 536 (B.A.P. 6th Cir. 1999). See also *Corzin v. Fordu* (*In re Fordu*), 201 F.3d 693, 703 (6th Cir. 1999) referring to the federal full faith and credit statute under 28 U.S.C. §1738.

The doctrine of collateral estoppel applies to discharge exception proceedings under section 523(a) of the Bankruptcy Code. *Grogan v. Garner*, 498 U.S. 279, 284 n. 11 (1991); see *In re DeTrano*, 326 F.3d 319, 322 (2d Cir. 2003). Under the federal full faith and credit statute, 28 U.S.C. § 1738, the preclusive effect of state court judgments in

subsequent federal actions must be determined by the forum state's law of collateral estoppel…. *Marrese v. Am. Acad. Of Orthopaedic Surgeons*,470 U.S. 373, 380 (1985).

In this case, the state court determined that the Debtor had committed "egregious fraud" when it took the money of the Creditors under false pretenses (See Exhibit D). We ask that the findings of the state court be given a collateral estoppel effect to prevent the dischargeability of the debt herein under 11 U.S.C. § 523(a)(2)(A).

"In determining whether a prior state court judgment should be given preclusive effect in a federal action, the federal court must apply the law of the state in which the prior judgment was rendered." *Corzin v. Fordu* (*In re Fordu*), 201 F.3d 693, 703 (6th Cir. 1999) Thus, in this case, the court must apply Ohio issue preclusion principles.

The Sixth Circuit Court of Appeals has thoroughly studied the law in Ohio regarding the preclusive effect of state court proceedings on bankruptcy dischargeability in the context where a creditor tried to use a default judgment as collateral estoppel on the issue of fraud. In the case of *In re Sweeney,* 276 B.R. 186 (B.A.P. 6th Cir. 2002), the debtor had allegedly failed to receive the suit papers and therefore had no opportunity to contest the allegations of fraud. The facts in the instant case are quite different since the Debtor in the Stark County case received the suit papers, hired a lawyer who filed an answer, and began to defend the action (See Answer to Adversary Complaint, ECF No. 5, p. 24). However, the rationale of the Sixth Circuit's opinion in *In re Sweeney* will provide this Court guidance in establishing the Creditors' contention that the Debtor should be precluded from relitigating the charge against him of fraud.

The Sixth Circuit set forth the four elements for establishing collateral estoppel:

> [W]e find that there are four prerequisites to the application of collateral estoppel under Ohio law:
>
> 1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; 2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment; 3) The issue in the present suit must have been identical to the issue in the prior suit; 4) The party against whom estoppel is sought was a party or in privity with the party to the prior action. (citations omitted)[1]

*In re Sweeney*, 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002) The court in *In re Sweeney* cited with approval a two-part test adopted by the court in *In re Robinson*, 242 B.R. 380, 387 (Bankr. N.D. Ohio 1999).

Regarding the usage of using a default judgment to create a collateral estoppel, the court adopted the following:

> Notwithstanding these tenets, the Supreme Court of Ohio, in *State v. Caltrider,* has also indicated that the application of the collateral estoppel doctrine should be based upon equitable principles. 43 Ohio St.2d 157, 160, 331 N.E.2d 710, 713 (1975). Therefore, this Court, upon balancing the foregoing precepts, finds that under Ohio law an absolute bar against applying the collateral estoppel doctrine to a default judgment is not appropriate. However, given the Court's concern against rendering the "actually litigated" requirement of the collateral estoppel doctrine superfluous, this Court will only permit the collateral estoppel doctrine to apply to an Ohio state court default judgment if the following two conditions are satisfied:
>
> First, the plaintiff must actually submit to the state court admissible evidence apart from his pleadings. In other words, a plaintiff's complaint, standing alone, can never provide a sufficient basis for the application of the collateral estoppel doctrine. Second, the state court, from the evidence submitted, must actually make findings of fact and conclusions of law which are sufficiently detailed to support the application of the collateral estoppel doctrine in the subsequent proceeding. In addition, given other potential problems that may arise with applying the collateral estoppel doctrine to default judgments (e.g., due process

concerns), this Court will only make such an application if the circumstances of the case would make it equitable to do so.

*In re Robinson*, 242 B.R. 380, 387 (Bankr. N.D. Ohio 1999).

The question now is whether the Creditors satisfy the *Robinson* test. As ECF No. 30 in this case makes abundantly clear, the Creditors did not simply rely on the averments of their pleadings to establish fraud. They proffered sworn testimony by affidavit, certified copies of pleadings from other jurisdictions showing a pattern of fraud, a newspaper article further establishing the Debtor's practice of fraud, and other documentation. (See ECF No. 30)

The second question to be answered under the *Robinson* test is whether the trial court made findings of fact and conclusions of law that are sufficiently detailed to support the application of the collateral estoppel doctrine. In the instant case, although not named "findings of fact and conclusions of law", the Stark County judge issued an entry that contained sufficient findings to support the collateral estoppel doctrine. (Doc. 30, pp. 89-90) As the Sixth Circuit *In re Sweeney* stated:

> The best evidence would be findings of fact and conclusions of law by the court entering the default judgment. These need not be entered in any special or formal way, but the default court must state what findings and conclusions, if any, it has reached in arriving at the judgment. Those findings and conclusions will have preclusive effect.

*In re Sweeney*, 276 B.R. 186, 194 (B.A.P. 6th Cir. 2002) Thus, the Sixth Circuit does not require a judgment entry that expressly calls itself "Findings of Fact and Conclusion of Law" for the state court's decision to have preclusive effect. The Stark County judge was presented with scores of pages of evidence from which he concluded that the Debtor had committed "egregious fraud" when he took the Creditors' $42,450. (Doc. 30, p.89). With

that evidence, the Judge signed a final appealable order for the following relief: "[t]he Court finds the Defendant guilty of egregious fraud (RC 2315.21(C)(1)).

There is one other consideration under the *Robinson* test before collateral estoppel can be applied: the court must consider it equitable to do so. *In re Robinson*, 242 B.R. 380, 387. It is most equitable to do so in this case. The Debtor was given every opportunity to defend himself against the charges against him. He was served with all the documents that were filed with the trial court. He failed to respond. He refused to submit to discovery and refused to attend any status conferences or pretrials, even by phone. The courts should not help someone who does not help himself.

Based on the foregoing, we ask the Court to find as a matter of law that the state court finding of egregious fraud has a preclusive effect that will prohibit the Debtor from discharging his debt to these Creditors under 11 U.S.C. § 523(a)(2)(A).

Respectfully submitted,

/s/ Jennifer E. Donahue
Jennifer E. Donahue (0095827)
Attorney for Debtors
Rauser & Associates
401 W. Tuscarawas Street #400
Canton, OH 44702
jdonahue@ohiolegalclinic.com
Counsel for Plaintiffs/Creditors

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Summary Judgment was electronically transmitted on or about July 16, 2021 Via the Courts Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Jennifer Donahue, Anne Piero Silagy, and United States Trustee

/s/Jennifer E. Donahue
Jennifer E. Donahue (0095827)