The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



Russ Kendig
United States Bankruptcy Judge

Dated: 03:28 PM October 5, 2021

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| JEFFREY L. SIMMONS, | CASE NO. 20-61442 |
| Debtor | |
| | JUDGE RUSS KENDIG |
| JOHN CASEY & JACLYN CASEY, | |
| Plaintiffs | ADVERSARY NO. 20-06034 |
| vs | |
| JEFFREY L. SIMMONS, | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| Defendant | |

Now before the court is Plaintiffs' motion for summary judgment on their suit seeking to prevent the discharge of Debtor's debt owed to them.

The court has subject matter jurisdiction over this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Plaintiffs filed a civil suit against Debtor in the Stark County Court of Common Pleas on September 9, 2019 for breach of contract and violations of statutory duties and later amended their complaint to include a count of fraud as well. In their complaint, Plaintiffs alleged that they had contracted with Debtor to construct a house for them in exchange for $283,000, $42,450 of which was paid up front as a down payment. Debtor never built the house and refused to return the down payment despite multiple requests from Plaintiffs.

Debtor failed to adequately respond to Plaintiffs' discovery requests, so Plaintiffs filed a motion to compel discovery on February 12, 2020. The court granted the motion and required Debtor to serve discovery responses on Plaintiffs before March 6. However, the deadline came and went with no action from Debtor. Plaintiffs then filed a motion for Debtor to show cause for missing the deadline. The court granted the motion on April 13, 2020 and gave Debtor fourteen days to show why he violated the order to compel discovery.

In keeping with his past behavior, Debtor failed to meet the fourteen-day deadline from the order to show cause. Accordingly, plaintiffs moved for an entry of default judgment. The court granted the motion and entered a default judgment in favor of Plaintiffs. That same order set a hearing for damages on July 13, 2020 and, in accordance with local rules, directed Plaintiffs to serve notice to Debtor of the hearing. Plaintiffs' counsel did so, sending notice by mail to Debtor's home and business addresses. Despite the notice, Debtor failed to appear at the damages hearing. Plaintiffs presented evidence of Debtor's alleged fraud to the court including the contract between Plaintiffs and Debtor, documentation of Debtor's failure to pay, as well as lawsuits from other dissatisfied customers and newspaper articles discussing Debtor's alleged fraudulent behaviors in Ohio and other states. Plaintiffs then filed a motion for default judgment and served it on Debtor along with all the evidence presented at the hearing. The Court granted the default judgment in a short final appealable order on August 3, 2020, finding that Plaintiffs' evidence showed that Debtor had committed "egregious fraud" and awarding $42,500 in liquidated damages and $85,000 in punitive damages.

Debtor filed a chapter 13 petition on September 22, 2020. Plaintiffs sued to prevent Debtor from discharging the debt owed to them from the default judgment. In this motion for summary judgment, Plaintiffs maintain that there is no dispute of material fact about whether Debtor committed fraud that can be excluded from discharge under § 523(a)(2)(A) of the bankruptcy code. Specifically, they argue that the court should apply the principle of collateral estoppel to give preclusive effect to the August 3, 2020 order's finding that the allegations of fraud against the Debtor were true.

## DISCUSSION

Federal Rule of Civil Procedure 56 (applied to bankruptcy cases by Federal Rule of Bankruptcy Procedure 7056) provides that a court should grant summary judgment on a given

issue or issues "if the movant shows that there is no issue of material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is ultimately on the movant to show the court that either there is no genuine issue of material fact or that the non-movant's case lacks evidence. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Further, the court will draw all inferences in favor of the non-movant. *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the non-movant cannot merely rely on its pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment will not be granted if there is a genuine issue of material fact and "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

Under 11 U.S.C. § 523(a)(2)(A), a debt obtained by "false pretenses, a false statement, or actual fraud" is not discharged like other debts. To prevent a discharge under this provision, a creditor must prove the following elements by a preponderance of the evidence:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert), 141 F.3d 277, 280–81 (6th Cir. 1998) (citing Longo v. McLaren (In re McLaren), 3 F.3d 958, 961 (6th Cir. 1993)).

Under the doctrine of collateral estoppel, a party cannot relitigate "an issue determined against that party in an earlier action." *Collateral Estoppel*, Black's Law Dictionary (11th ed. 2019). For the doctrine to apply, the prior action must have preclusive effect. Under the full faith and credit statute, 28 U.S.C. § 1738, a state court judgment has the same preclusive effect in federal court that it would have in state court. *See* Corzin v. Fordu (In re Fordu), 201 F.3d 693, 703 (6th Cir. 1999) (citing Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 384 (1985)). More specifically, the Supreme Court has held that collateral estoppel can be applied to state court judgments in bankruptcy nondischargeability proceedings. *See* Grogan v. Garner, 498 U.S. 279, 284-85 (1991). In these situations where a federal court must decide whether to give preclusive effect to a state court judgment, it must base its decision on the law of the state where the judgment was entered. *See* Dardinger v. Dardinger (In re Dardinger), 566 B.R. 481, 494 (Bankr. S.D. Ohio 2017) (citing Bay Area Factors v. Calvert (In re Calvert), 105 F.3d 315, 317 (6th Cir. 1997)). The judgment in this case was entered in Ohio, so Ohio law governs this issue. (Pls. Mot. Summ. J. Ex. D, ECF No. 13.) In Sill v. Sweeney, the Bankruptcy Appellate Panel for the Sixth Circuit identified four requirements for collateral estoppel to apply under Ohio law:

> 1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; 2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment; 3) The issue in the present suit must have been identical to the issue in the prior suit; 4) The party against whom estoppel is sought was a party or in privity with the party to the prior action.

Sill v. Sweeney (In re Sweeney), 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002). Thus, the court will

3

examine whether these four requirements are met to determine if the default judgment from the Stark County Court of Common Pleas is entitled to preclusive treatment.

The analysis begins by first evaluating whether the default judgment constitutes a "final judgment on the merits" and, second, whether Debtor had "a full and fair opportunity to litigate the issue" of fraud. *Id.* For the first part, a default judgment counts as a final judgment on the merits. *See* Launder v. Doll (In re Doll), 585 B.R. 446, 457 (Bankr. N.D. Ohio 2018) (quoting Yust v. Henkel (In re Henkel), 490 B.R. 759, 774 (Bankr. S.D. Ohio 2013)). The second part "is rooted in due process concerns." S. Atlanta Neurology & Pain Clinic, P.C. v. Lupo (In re Lupo), 353 B.R. 534, 553 (Bankr. N.D. Ohio 2006). The court must determine "whether the party had adequate notice of the issue and was afforded the opportunity to participate in its determination." *Id.* In Ray's Services, Inc v. Cunningham, the first Sweeney element was not met where the state court granted default judgment only five days after the plaintiff filed the motion for default judgment, too short a period for the bankruptcy court, and there was no evidence that notice of the damages hearing scheduled by the order granting default judgment was ever served on the debtor. *See* Ray's Servs., Inc. v. Cunningham (In re Cunningham), No. 12-34162, 2014 WL 1379136, at *6 (Bankr. N.D. Ohio Apr. 8, 2014).

The default judgment was a final judgment on the merits and the Debtor had a full and fair opportunity to litigate. Here, neither party disputes that the default judgment from August 3, 2020 was a final judgment on the merits. However, they disagree about whether Debtor had adequate notice of the damages hearing and thus a full and fair opportunity to litigate. Debtor argues in his response brief that the default judgment is void because he was not given seven days' notice for the damages hearing as required by Ohio Rule of Civil Procedure 55(A). (Resp. Mot. Summ. J. 5-6, ECF No. 26.)[1] The order that granted Plaintiffs' motion for default judgment and set the damages hearing for July 13, 2020 expressly required Plaintiffs' counsel to serve a copy of the order and give notice of the hearing to Debtor. (Resp. Ex. 14, ECF No. 26.) Plaintiffs included documentation that their attorney in the state court case had mailed a copy of the order to Debtor's home and business addresses as well as a sworn affidavit from said attorney testifying that he had complied with the court's direction to serve notice of the hearing to Debtor. (Reply Br. Mot. Summ. J. Exs. 2-3, ECF No. 27.) Thus, unlike the debtor in Cunningham, here there is evidence that Debtor was properly notified of the hearing. *See* Cunningham, 2014 WL 1379136, at *6. Also, Plaintiffs' motion for default judgment was granted twenty days after it was filed, significantly longer than in Cunningham and not raising the same due process concerns. *See id.* Accordingly, this court concludes that the first Sweeney element is met.

The court now turns to the second element, the extent to which the issue of fraud was actually and directly litigated in the previous proceeding. In order for the court to find this element to be met, a default judgment must be an "express adjudication," i.e., it must contain "express findings." *See* Sweeney 276 B.R. at 193 (citing Cranfill v. Brown (In re Brown), 215 B.R. 844, 847 (Bankr. E.D. Ky. 1998); Corydon Palmer Dental Soc'y v. Johnson, Johnson & Assocs., Inc., No. 87 C.A. 121, 1988 WL 21334, at * 1 (Ohio Ct. App. Feb. 16, 1988)). The state court must also have "decid[ed] the merits of the case" and must show "findings of fact and conclusions of law" in its decision. *Id.* at 194. *See also* In re Robinson, 242 B.R. 380, 386-87

---

[1] Debtor incorrectly captioned his response as a "response to default judgment" when it was really a response to Plaintiffs' motion for summary judgment, so the title has been corrected in these citations.

4

(Bankr. N.D. Ohio 1999). Further, the default judgment should have "sufficient detail to enable a subsequent court to have a clear understanding of the prior court's ruling without having to speculate about the scope of the prior court's findings of fact and conclusions of law." Yust v. Henkel (In re Henkel), 490 B.R. 759, 781–82 (Bankr. S.D. Ohio 2013). In Doll, the court found that the second element was not met where, even though the default judgment referenced evidence introduced by the plaintiff, the judgment only found that the defendant-debtor failed to answer the complaint or appear in court and did not rule on the merits. *See* Doll, 585 B.R. at 459. In an analogous case, the plaintiffs in Smith v. Downey failed to meet this element when they submitted only their complaint, with no evidence, to the state court, who rendered judgment for them only because the defendant did not answer the complaint. *See* Smith v. Downey (In re Downey), No. 18-30447, 2018 WL 6060344, at *4 (Bankr. N.D. Ohio Nov. 19, 2018). The court in Duley v. Thompson also found that the element was not met when a default judgment was entered for plaintiffs alleging fraud by the debtor-defendant without including any findings of fact or explaining how the elements of fraud were met. *See* Duley v. Thompson (In re Thompson), 528 B.R. 721, 742-43 (Bankr. S.D. Ohio 2015). Similarly, in Cunningham, a judgment that contained only "conclusory legal trigger words" with no findings of fact was not entitled to preclusive effect. Cunningham, 2014 WL 1379136, at *9. In Huffman v. Holden, the bankruptcy court found that the issue was not actually and directly litigated where the state court order contained findings of damages but was unclear about whether it based its findings just on the evidence submitted or also considered the debtor's default (which would mean that all well-pleaded allegations would be admitted regardless of evidentiary support). *See* Huffman v. Holden (In re Hughley), No. 17-41946, 2019 WL 236227, at *4 (Bankr. N.D. Ohio Jan. 16, 2019). Conversely, in Smith v. Lerner, Sampson & Rothfuss, L.P.A., the second element was met where a state court judgment concluded that the plaintiff's complaint in a mortgage dispute was "true" and included factual findings about how the defendant had a balance on the mortgage and the plaintiff was the proper mortgagee. *See* Smith v. Lerner, Sampson & Rothfuss, L.P.A., 658 F. App'x 268, 279 (6th Cir. 2016).

This element was not met here. There is no doubt, and it is not disputed by the parties, that the default judgment was an "express finding." The crux of the issue for this element was whether the default judgment contained findings of fact and conclusions of law. Unlike in Downey, here Plaintiffs submitted almost eighty pages of evidence that included, among other things, the contract between Plaintiffs and Debtor, proof of payment to Debtor, documentation of a lack of work by Debtor, copies of complaints in similar suits by others against Debtor, and a newspaper article reporting similar alleged fraud by Debtor. *See* Downey, 2018 WL 6060344, at *4; (Resp. Ex. 17, ECF No. 26.) However, similar to Doll, Thompson, and Cunningham, the default judgment contains only legal conclusions and no findings of fact. *See* Doll, 585 B.R at 459; Thompson, 528 B.R. at 742-43; Cunningham, 2014 WL 1379136, at *9. Though the court found that Debtor was "guilty of egregious fraud" it did not explain what factual findings led to that conclusion or how the elements of fraud were met, just like in Thompson. *See* Thompson, 528 B.R. at 742-43; (Pls.' Mot. Summ. J. Ex. D, ECF No. 13.) Like in Cunningham, these conclusory words are insufficient and the judgment needed to better justify its conclusion. *See* Cunningham, 2014 WL 1379136, at *9. Though the court did find punitive damages, just like in Huffman it is not clear the extent to which this finding was based on the evidence Plaintiffs submitted or Debtor's failure to respond or adequately defend himself in the matter. *See* Huffman, 2019 WL 236227, at *4; (Pls.' Mot. Summ. J. Ex. D, ECF No. 13.) It should be noted

5

that the state court found that Plaintiffs' evidence "show[ed] a pattern of egregious fraud perpetrated by [Debtor]" but did not explain how this evidence led to the conclusion. (Pls.' Mot. Summ. J. Ex. D, ECF No. 13.) A reference to evidence is not enough – the judgment must include specific findings of fact, like the state court did in Smith, and the Stark County Court of Common Pleas failed to do that here. Thus, Plaintiffs have failed to establish that the issue of fraud by Debtor was actually and directly litigated in the state court case.

The third element for the court to consider was whether the issues in the present suit and the prior suit are identical. Plaintiffs alleged in their amended complaint that Debtor committed common law fraud and the August 3, 2020 order found that allegation to be true. (Resp. Exs. 12, 18, ECF No. 26.) Because "the elements of common law fraud in Ohio are substantially equivalent to those required to establish a nondischargeable debt based on false representation under §523(a)(2)(A), this element has been met. Thompson, 528 B.R. at 738.

Lastly, the court must make sure that the Debtor here is the same person as or is in privity with the defendant in the state court case. Neither party contests this issue and Debtor admits in his response that the state court case was filed against him. (Resp. 1, ECF No. 26.) Accordingly, Plaintiffs have satisfied this element.

## **CONCLUSION**

While Plaintiffs have established that the default judgment was a final judgment on the merits, that the issue in this case and the state court case were the same, and that the Debtor was the defendant in the state court case, they have failed to show that the issue of fraud was actually and directly litigated. The default judgment contained only a legal conclusion and no findings of fact or explanation. It follows, then, that this court cannot give preclusive effect to the default judgment. Since collateral estoppel cannot be applied, there remains a material issue of fact and Plaintiffs' motion for summary judgment cannot be granted. Plaintiffs' motion is denied, and an order will be entered immediately.

#     #     #

**Service List:**

John Casey
Jaclyn Casey
4123 Cedar Springs Road, Apt. 4430
Dallas, TX 75219

Jeffrey L. Simmons
716 Grove Street NE
Canton, OH 44721

Jennifer Elizabeth Donahue
Rauser & Associates LP
401 W. Tuscarawas Street, Suite 400
Canton, OH 44702

Edwin H. Breyfogle
108 Third Street NE
Massillon, OH 44646